1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAYETANO LARA, | 1:08-CV-00706 OWW GSA HC |
|        Petitioner, | |
|   v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| ADAMS, Warden, | [Doc. #11] |
|        Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. Gary Hoff presiding, following Petitioner's conviction by jury trial on December 18, 2003, of forcible rape during the commission of a residential burglary (Cal. Penal Code §§ 261(a)(2)/667.61(a)). See Lodged Doc. No. 1.[1] The jury also found true the allegation that Petitioner committed the burglary with the intent to commit rape. Id. On January 26, 2004, Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison. Id.

---

[1]"Lodged Doc." refers to the documents lodged by Respondent in support of his motion to dismiss.

1    Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District

2  (hereinafter "Fifth DCA"). On September 14, 2005, the Fifth DCA affirmed. <u>See</u> Lodged Doc. No. 2.

3  On October 19, 2005, Petitioner petitioned for review in the California Supreme Court. <u>See</u> Lodged

4  Doc. No. 3. On December 21, 2005, the petition was summarily denied. <u>See</u> Lodged Doc. No. 4.

5    Thereafter, Petitioner filed three post-conviction collateral challenges with respect to the

6  judgment in the state courts, as follows:

7        1.    <u>Fresno County Superior Court</u>
                Filed: November 21, 2006[2];
8              Denied: December 14, 2006;

9        2.    <u>California Court of Appeals, Fifth Appellate District</u>
                Filed: March 15, 2007;
10             Denied: April 2, 2007;

11       3.    <u>California Supreme Court</u>
                Filed: January 9, 2008;
12             Denied: July 9, 2008.

13  <u>See</u> Lodged Doc. Nos. 5-10.

14    On August 27, 2007, Petitioner filed the instant habeas petition in the United States District

15  Court for the Northern District of California. The petition was not transferred to this Court until May

16  13, 2008. On August 1, 2008, Respondent filed a motion to dismiss the petition as being filed

17  outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an

18  opposition on August 25, 2008. Respondent filed a reply on September 9, 2008.

19                                **DISCUSSION**

20  A.  Procedural Grounds for Motion to Dismiss

21    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

22  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

23  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

24    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

25  ───────────────

26    [2]In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of
     its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487
27  U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas
     filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), <i>citing</i> <u>Houston v. Lack</u>,
28  487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petitions filed on
     the date Petitioner signed them and presumably handed them to prison authorities for mailing.

1  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

2  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

3  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

4  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

5  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

6  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

7  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

8         In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

9  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

10 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

11 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

12 dismiss pursuant to its authority under Rule 4.

13 B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

14        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

15 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

16 habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

17 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

18 586 (1997).

19        In this case, the petition was filed on August 27, 2007, and therefore, it is subject to the

20 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

21 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

22 § 2244, subdivision (d) reads:

23        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
24     limitation period shall run from the latest of –

25        (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;

26

27        (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if
28     the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on December 21, 2005. Thus, direct review concluded on March 21, 2006, when the ninety (90) day period for seeking review in the United States Supreme Court expired. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, March 22, 2006, and expired one year later on March 21, 2007. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until August 27, 2007, which was five months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <i>cert. denied,</i> 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>,

1    544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

2    determined by the federal courts to have been untimely in state court will not satisfy the requirements

3    for statutory tolling. Id.

4           As stated above, the statute of limitations began to run on March 22, 2006, and expired on

5    March 21, 2007. Petitioner filed his first state habeas petition in the Fresno County Superior Court

6    on November 21, 2006, which was within the limitations period. However, it was denied as untimely

7    on December 14, 2006. See Lodged Doc. No. 6. As noted by Respondent, the Supreme Court has

8    clearly stated that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of

9    the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 412, quoting Carey, 536 U.S. at 226.

10   Therefore, the petition was not properly filed and did not toll the limitations period.

11          As to the subsequent petition for collateral relief, filed in the Fifth DCA on March 15, 2007,

12   Respondent does not argue that it was untimely filed. Therefore, Petitioner is entitled to tolling for

13   the time the petition was pending, to wit, March 15, 2007, until April 2, 2007.  At the time this

14   petition was filed, 358 days of the limitations period had expired. When the petition was denied, the

15   limitations period resumed running and expired 7 days later on April 9, 2007. Petitioner, however,

16   did not file his federal petition until August 27, 2007, which was over four months late.

17          Petitioner also filed a third petition on January 9, 2008, in the California Supreme Court. The

18   petition did not operate to toll the limitations period because the deadline had already passed. Green

19   v. White, 223 F.3d 1001, 1003 (9th Cir.2000). In addition, Petitioner delayed bringing the third

20   petition for 283 days. This petition is clearly untimely under California law. Evans, 546 U.S. at 200

21   (Unjustified delays greater than six months are unreasonable). Therefore, Petitioner would not be

22   entitled to tolling for the interval between the second petition and the third petition, or during the

23   time the third petition was pending.

24   D.  Equitable Tolling

25          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

26   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

27   way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

28   Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

1   *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.

2   814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544

3   U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395

4   (9th Cir.1993).

5       In his opposition, Petitioner claims he should be entitled to equitable tolling for the following

6   reasons: an inability to read, write or speak English; lack of knowledge of legal system; lack of

7   education; reliance on other inmates for research and writing; and limited access to law library due to

8   lockdowns or placement in administrative segregation. None of Petitioner's reasons present an

9   extraordinary circumstance sufficient to excuse the delay.

10      Petitioner first alleges he cannot read, write or speak English. Generally, the lack of

11  command over the English language is not an extraordinary circumstance warranting equitable

12  tolling. <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir.2002). In <u>Mendoza v. Carey</u>, 449 F.3d 1065,

13  1069-71 (9th Cir.2006), the Ninth Circuit held that a non-English speaking person must demonstrate

14  that, during the running of the limitations period, he was unable despite diligent efforts to procure

15  legal materials in his own language, or translation assistance from another inmate, library personnel,

16  or other source. In this case, it is clear as Respondent suggests that Petitioner has obtained assistance

17  either through his own devices or from other inmate assistants since conclusion of direct review.

18  Petitioner has filed three state post-conviction collateral challenges as well as the instant federal

19  petition, and he has complied with all court orders. Petitioner's lack of proficiency in the English

20  language has not prevented him from accessing the courts.

21      For the same reason, his claim of reliance on other inmates must fail. The actions of fellow

22  inmate assistants which result in an untimely petition do not constitute extraordinary circumstances

23  sufficient to justify equitable tolling. <u>See</u> <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir.1988);

24  <u>Hughes v. Idaho Board of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986).

25      Petitioner also claims he should be entitled to equitable tolling because he is uneducated and

26  does not have knowledge of the law. This claim for equitable tolling must also fail. <u>Hughes v. Idaho</u>

27  <u>State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of

28  knowledge of law unfortunate but insufficient to establish cause); <u>Turner v. Johnson</u>, 177 F.3d 390,

392 (5th Cir.1999), (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); <u>Shoemate v. Norris</u>, 390 F.3d 595, 598 (8th Cir.2004); <u>March v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir.2000). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  If illiteracy, lack of legal training, and ignorance of the law were excuses for not complying with the limitations period, Congress would never have enacted the AEDPA as most incarcerated prisoners share these same problems.

Last, Petitioner claims that lockdowns and placements in administrative segregation have interfered with his access to the law library. These circumstances are also not extraordinary and do not warrant equitable tolling.  <u>See</u> <u>United States v. Van Poyck</u>, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); <u>Atkins v. Harris</u>, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . . . Petitioner's alleged lack of legal sophistication also does not excuse the delay."); <u>Giraldes v. Ramirez-Palmer</u>, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).  Moreover, Petitioner fails to make a showing that he was prevented in any way from timely filing the instant petition during the limitations period.  Petitioner references transfers and administrative confinement which took place in 2004 and 2005. He offers nothing to show that any lockdowns occurred during the limitations period.  Petitioner's vague claim that lockdowns prevented him from timely filing the petition is insufficient to justify equitable tolling. The various lockdowns experienced by Petitioner are shared by the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are not extraordinary and do not justify equitable tolling.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    September 22, 2008               /s/ Gary S. Austin                **
                                        UNITED STATES MAGISTRATE JUDGE